## The Walker-Edmund Company, Defendant in Error, v. Frank's Collateral Loan Bank, Plaintiff in Error.

### Gen. No. 14,861.

REPLEVIN—*when judgment not disturbed.* Where the evidence tends to establish the issues found, a verdict and judgment in replevin will not be set aside on review.

Replevin. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

JETZINGER & SELIGMAN, for plaintiff in error.

PARKER & HAGAN, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in replevin brought by defendant

in error to recover two alleged Tiffany set diamond rings and one tooth diamond ring. The Municipal Court found the defendant guilty of unlawfully detaining the property described in the writ, that the property therein described is the property of the plaintiff, and assessed the plaintiff's damages at the sum of $565. To reverse this judgment, this writ of error is prosecuted.

The rings in question had been delivered by plaintiff on memorandum receipt, so-called, to one Schraeger, a salesman, who failed to account for them. At a subsequent time he was arrested at Minneapolis, Minnesota, and upon his person were found certain pawn tickets, issued by the defendant company, describing three diamond rings. Plaintiff demanded of the defendant the rings mentioned in said pawn tickets, claiming them as its property pawned by Schraeger. Defendant refused to surrender the rings for which it had issued the said pawn tickets or to exhibit them or any of them to plaintiff's agent for identification. The property was not recovered upon the replevin writ, and the only question upon the trial was as to its identity.

It is claimed in behalf of the defendant that plaintiff failed to prove the identity of the rings sought to be replevied or that they were plaintiff's property or that the latter was entitled to their possession. It is contended that the trial court erred in allowing an officer who accompanied plaintiff's agent and attorney at the time demand was made for the rings in question, to testify as to his conversation with the defendant's agents at that time. The officer stated that he told defendant's agents that the pawn tickets so issued by defendant and then produced were found on the person of Schraeger, and that the latter had stated to him and plaintiff's agent that the rings described in said pawn tickets were rings which Schraeger had obtained from the plaintiff and had, under the name of Mason, pawned with defendant. While this testimony was not competent evidence that the rings mentioned in the pawn

452    APPELLATE COURTS OF ILLINOIS.

The Walker-Edmund Co. v. Frank's Col. L. Bk., 152 Ill. App. 450.

tickets were plaintiff's property, it was competent as evidence of what was said in a conversation with defendant's agent at the time plaintiff was endeavoring to obtain the pawned goods, and was seeking an opportunity to examine them for identification. There was however evidence tending to identify the diamond rings referred to in the pawn tickets and more particularly described in record sheets of the defendant company introduced in evidence, tending to show that these were the diamond rings which the plaintiff had entrusted to Schraeger and was seeking to recover. The plaintiff's agent who had delivered the rings to Schraeger, testified that he could identify the diamonds in controversy by marks on them, and described these marks with particularity of detail. What purported to have been the rings pawned were also described by one True, an expert witness who had examined them at the instance of the defendant and who gave testimony as to their value. While there were some slight discrepancies in the descriptions of these two witnesses, they appear nevertheless to correspond in the main.

There was still other evidence. The plaintiff's agent in his testimony stated that the rings Schraeger had obtained from plaintiff bore certain numbers and stated what these numbers were. The witness True who, as before stated, had at the instance of the defendant examined the rings pawned with defendant, as shown by the pawn tickets found on Schraeger, stated that those rings also had each a number. If in fact the numbers on the latter rings corresponded with those which had been stated by plaintiff's agent to be the numbers on the rings obtained from plaintiff by Schraeger, such evidence in connection with the other evidence would have tended strongly to confirm plaintiff's contention that the rings in defendant's possession were plaintiff's property. If on the other hand the numbers on those rings differed from the numbers given by plaintiff's witness, the evidence would have tended to confirm the defendant in claiming that the

rings in its possession were not the property of the plaintiff. It was in defendant's power to produce this evidence. The failure to so produce the rings in defendant's possession, while not conclusive as to their identity nevertheless justifies an inference that if produced the numbers on them would have proved to be identical with the numbers stated by plaintiff's witness to have been the numbers upon plaintiff's rings, and that it was because defendant knew this it refused to produce the rings pawned. This inference is strengthened by the evidence tending to show that defendant's manager in conversation with plaintiff's agent justified the refusal to produce the rings and turn them over to plaintiff, saying "We cannot afford to lose that money. You see the position we are placed in." This testimony is not so far as we discover contradicted.

It is contended in plaintiff's behalf, that we ought not to consider the merits of the controversy, because the trial court after the thirty days had passed within which, under the Municipal Court Act, a writ of error must be sued out after entry of its original judgment and after that court had lost jurisdiction of the cause, granted defendant's petition to set aside the judgment, retried the cause perfunctorily and again entered judgment in plaintiff's favor for the express purpose of permitting defendant to sue out this writ of error after the expiration of the time allowed by law after the original judgment was entered. That petition was filed under section 21 of the Municipal Court Act. We deem it unnecessary however to consider this alleged error in procedure, inasmuch as we are of opinion the evidence justified the judgment complained of. It will therefore be affirmed.

*Affirmed.*